## GEORGE W: BAKER, APT. *v.* J. H. JONES ET AL.

### *Insolvency. Appeal. Mandamus.*

1. B. was adjudged an insolvent upon the petition of a creditor. Subsequently, the thirty dollars not having been deposited as security for the payment of fees, the Court of Insolvency made an order that, unless its fees were paid on or before a certain day, it would vacate the adjudication of insolvency, and did so vacate it. Thereafter the insolvent petitioned the Court of Insolvency that his cause might be proceeded with in said court, which petition the said court denied on the ground that there was no such case. From this denial the insolvent appealed to the County Court. *Held*, that the right of appeal given by the statute did not extend to this case, and that such appeal should be dismissed.

2. But this court is clearly of the opinion that the action of the Court of Insolvency was erroneous in vacating its former adjudication, and intimates that upon prayer for writ of mandamus it would correct such error.

This was an appeal to the County Court from the order of the Court of Insolvency for the District of Bradford, dismissing the petition of George W. Baker, insolvent, that his case might be brought forward and proceeded with by such Court of Insolvency. The defendants moved in the County Court to dismiss said appeal. The court, December Term, 1887, Ross, J., presiding, overruled, *pro forma*, the motion to dismiss. Exceptions by the defendants. The facts appear in the opinion.

*Roswell Farnham*, for the defendants.

No appeal lies to the County Court from the Court of Insolvency except such as is given by statute. None of the provis-

Baker *v.* Jones et al.

ions for, an appeal reach this case. R. L. ss. 1810, 1811, 1812·
and 1870. *White* v. *Haskins,* 59 Vt. 556; *Bassett et al.* v.
*Hutchinson et al.,* 9 Allen, 199; *Ripley* v. *Griggs,* 52 Vt.
461; *in re* Sowles, 57 Vt. 386.

*Smith & Sloan,* for the appellant.

This was a matter which referred to the adjudication of insol-
vency against the insolvent. Hence an appeal was properly taken
under R. L. s. 1870, par. 7.

The opinion of the court was delivered by

Ross, J. This case came to the County Court upon an appeal
by the insolvent from the decision of the Court of Insolvency
refusing to proceed in the matter of his insolvency. In the
County Court the defendants in the appeal moved to dismiss it,
claiming that no right of appeal existed from the action of the
Court of Insolvency. The exception is to the *pro forma* judg-
ment of the County Court, overruling the motion to dismiss the
appeal.

To determine whether the action of the County Court was
erroneous, it becomes necessary to look into the proceedings of
the Court of Insolvency. From the certified copy of the records
of those proceedings on which the action of the County Court
was predicated, it appears, that the appellant had been duly
adjudged an insolvent debtor on the petition of a creditor, W.
H. Bedell. Afterwards, on March 18th, 1888, the defendants
petitioned the Court of Insolvency to have that adjudication set
aside and held for naught for the alleged cause that it was fraud-
ulently procured by the insolvent. A hearing was ordered on
this petition, but no notice was ordered nor served on the credi-
tor on whose petition the adjudication of insolvency was pro-
cured, nor does it appear that the petitioning creditor appeared
or was heard in any of the subsequent proceedings. The hear-
ing on this petition of the defendants was continued, from time
to time, to July 15, 1886, when the court made an order that
unless the petitioning creditor, or others interested in the con-
tinuance of the insolvency case of George W. Baker, pay all fee·

due in that case to the Court of Insolvency within twenty days
from that date, the petition of Bedell would be dismissed as of
that date.    No service of this order was ordered or made, and
no taxation of the fees due appears to have been made.    This
order not having been complied with, the Court of Insolvency,
September 14, 1886, dismissed the case.    Subsequently, Febru-
ary 12, 1887, the insolvent Baker petitioned the Court to bring
forward and proceed in due form in the matter of his insolvency
proceedings.    Between the dismissal of the case and the filing
of this petition there had been a change in the judge of the Court
of Insolvency.    On this petition there was an appearance for the
insolvent and the defendants, and a full hearing had, and the
prayer of the petition was denied.    The grounds of denial do
not appear in the copy of record.    As nothing is said in regard
to the payment of fees as the condition upon which the case
would be brought forward, it is to be presumed that the insol-
vency court held that the order dismissing the adjudication of
insolvency of the petitioner was regular and valid and for that
reason there was no cause of insolvency of George W. Baker
pending in the court to be brought forward and proceeded with.
The question is whether from this denial an appeal lies.    The
only provision of the statute relied upon allowing an appeal is
the last clause of section 1870, R. L., which reads : "Either party
shall be allowed an appeal to the County Court from the decis-
ion of the judge upon the question of the insolvency of the
debtor."    The question of the insolvency of the debtor arises
upon whether the facts shown bring him within the provisions of
the statute so that he should be adjudged an insolvent debtor.
The petition to bring forward the cause of the insolvent and
proceed therein, assumes that an adjudication of his insolvency
was still in existence ; and the denial of the petition uncondi-
tionally proceeds upon the ground that such adjudication had
been vacated by the dismissal of the cause for failure to com-
ply with the order for the payment of fees.    Hence the real
question presented to and adjudicated upon, by the Court of
Insolvency, was whether there was still a subsisting adjudica-

tion that George W. Baker was insolvent. This was not a decision of the Court of Insolvency "upon the question of the insolvency of the debtor," but rather a decision upon whether an adjudication of his insolvency was still in existence, to be brought forward upon the docket of the Court of Insolvency and proceeded with. Hence, we do not think that an appeal from the denial of the petition was authorized by the only provision of the statute relied upon. But we do think that the Court of Insolvency erroneously denied the prayer of the petition. As it is the decision of this question which the parties and Court of Insolvency desire, and as the same has been fully argued and considered, we have concluded to announce the views of this court upon this question, although not absolutely necessary for the decision of this case. By R. L. s. 1793, the petitioning creditor, Bedell, was required to deposit with the Court of Insolvency thirty dollars for the payment of its fees upon filing in the court his petition to have Mr. Baker adjudged an insolvent debtor. If he failed to make the required deposit the Court of Insolvency could have refused to take any action upon his petition. By proceeding without requiring the deposit to be made, it waived the making of the deposit for the time being. Its adjudication that Baker was an insolvent debtor was valid notwithstanding the failure to deposit this sum. Yet the Court had the right to require that the deposit should be made before proceeding further in the case. This was the effect of its order of July 15, 1886. Due notice of such orders should always be given to the parties to be affected, unless they are personally or representatively present in court when the order is made. Although the record is silent upon the subject it is to be presumed due notice was ordered and given, if the parties to be affected were not legally present in court when the order was made. For a non-compliance with the order the court could well refuse to proceed further with the case. But a non-compliance with the order was no ground for vacating the judgment of insolvency already rendered. The order of the

Baker *v.* Jones et al.

court dismissing the case can legally be given effect only as a refusal to proceed further with the cause, or to carry the cause along on its docket. It did not, because it furnished no cause for it, vacate the judgment already rendered. The case, upon a deposit of the thirty dollars, could and should be brought forward so far as there is anything disclosed on the record.

But the court could well require that the order for a deposit of the money required by the statute for the payment of its fees should be complied with as a condition precedent to granting the petition. While the unconditional refusal of the court was in our judgment erroneous, yet no appeal therefrom existed under the statute, and probably the defect could be reached only by proceeding for a writ of mandamus. The views indicated may enable the parties and court to go forward without such proceeding.

*The judgment of the County Court is reversed, the motion to dismiss the appeal sustained, and the appeal dismissed with costs, and judgment ordered to be certified to the Court of Insolvency.*